UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HABEEBULLAH NA'EEM RASHEED aka BOBBY LEE COTTON, | ) ) ) | 1:00-cv-05237-AWI-SMS-PC |
| Plaintiff, | ) ) | FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION TO DISMISS ACTION FOR PLAINTIFF'S |
| v. | ) ) | FAILURE TO PROSECUTE (Doc. 126.) |
| C. WEAVER, et al., | ) ) | |
| | ) | OBJECTIONS, IF ANY, DUE IN 30 DAYS |
| Defendants. | ) ) ) | |

Plaintiff is a prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.

On April 29, 2008, the court issued a Second Amended Second Informational Order ("Order") and served it on plaintiff at his last known address according to the court's record.[1] (Doc. 123.) The United States Postal Service returned the Order on May 9, 2008 as undeliverable. A notation on the envelope indicated that the "CDC# and name do not match." (Doc. 124.) On May 12, 2008, the court re-served a copy of the Order on plaintiff, again using his last known address according to the court's record. On May 21, 2008, the United States Postal Service again returned the Order as undeliverable with a notation on the envelope indicated that the "CDC# and name do not match." (Doc. 125.) Plaintiff has not notified the court of any change in his address. Absent such notice, service at a party's prior address is fully effective. Local Rule 83-182(f).

---

[1] As defendants note in their motion, plaintiff's last known address according to the court's record was the Dueul Vocational Institutute,, and plaintiff has not communicated with the court since May 4, 2004. (Doc. 121.)

1

1    Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the
2 court apprised of his or her current address at all times.  Local Rule 83-183(b) provides, in pertinent
3 part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

7    In the instant case, sixty days have passed since plaintiff's mail was returned and he has not
8 notified the court of a current address.
9    In determining whether to dismiss an action for lack of prosecution, the court must consider
10 several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to
11 manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring
12 disposition of cases on their merits; and (5) the availability of less drastic alternatives. Henderson v.
13 Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The
14 court finds that the public's interest in expeditiously resolving this litigation and the court's interest
15 in managing the docket weigh in favor of dismissal, as this case has been pending since February 14,
16 2000.  The court cannot hold this case in abeyance indefinitely based on plaintiff's failure to notify
17 the court of his address.  The third factor, risk of prejudice to respondents, also weighs in favor of
18 dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in
19 prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor,
20 public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in
21 favor of dismissal discussed herein.  Finally, given the court's inability to communicate with plaintiff
22 based on plaintiff's failure to keep the court apprised of his current address, no lesser sanction is
23 feasible.

**RECOMMENDATIONS**

Based on the foregoing, the court HEREBY RECOMMENDS that:

1. Defendants' motion to dismiss this action for plaintiff's failure to prosecute be GRANTED;
2. This action be DISMISSED without prejudice; and

2

1        3.      The Clerk of Court be DIRECTED to close this action.

2        These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii,
3  United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule
4  72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
5  California.  Within thirty (30) days after being served with a copy, any party may file written
6  objections with the court and serve a copy on all parties.  Such a document should be captioned
7  "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall
8  be served and filed within ten (10) court days (plus three days if served by mail) after service of the
9  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
10 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive
11 the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12 IT IS SO ORDERED.

13 **Dated:   July 21, 2008**                        /s/ Sandra M. Snyder
                                                          UNITED STATES MAGISTRATE JUDGE